UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **Hope Slaughter,** | ) |
| | ) |
| **Plaintiff,** | )   Case No.: 7:19-cv-224 |
| | ) |
| v. | ) |
| | ) |
| **Richard Milburn Academy, Inc.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

# COMPLAINT

Plaintiff Hope Slaughter brings this case against Defendant Richard Milburn Academy, Inc. seeking unpaid overtime wages and other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a federal claim pursuant to the FLSA.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

*Plaintiff*

3. Plaintiff Hope Slaughter is an adult resident of Midland, Texas. Slaughter works as a Teacher Assistant for Defendant. Plaintiff was not paid overtime compensation for hours she worked in excess of 40 in a workweek even though she regularly worked more than 40 hours in a workweek.

4. At all relevant times, as an employee of Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

*Defendant*

5. Defendant Richard Milburn Academy, Inc. is a Texas corporation with its principal place of business in McQueeny, Texas. Defendant owns and operates the public school in Midland, Texas, where Plaintiff was employed.

6. At all relevant times, Defendant was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

7. At all relevant times, Defendant has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

8. At all relevant times, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

9. Defendant issues paychecks to Plaintiff during her employment.

10. Defendant directs the work of Plaintiff and benefits from work performed that Defendant suffered or permitted from her.

11. Defendant did not pay Plaintiff overtime compensation for hours she worked for Defendant's benefit in excess of 40 hours in a workweek.

**FACTUAL ALLEGATIONS**

12. From approximately August 2018 to the present, Plaintiff has worked as a Teacher Assistant for Defendant.

13. From the beginning of Plaintiff's employment through approximately April 2019, Defendant paid Plaintiff on an exempt-salary basis.

14. During this time period, Plaintiff was "coded" as a teacher in Defendant's computer system, as opposed to the correct title of a teacher assistant.

15. In April 2019, Defendant hired a new human resource manager and corrected Plaintiff's "code" to teacher assistance and began to pay Plaintiff on an hourly basis.

16. Defendant tracked Plaintiff's hours worked by requiring her to punch in and out of work on the computer.

17. During the relevant time period of August 2018 through April 2019, Plaintiff regularly worked more than 40 hours per week. She did not receive overtime compensation for hours worked over 40 in a workweek, because she was incorrectly "coded" as an exempt teacher in Defendant's system, as opposed to a non-exempt teacher assistant.

18. Through its unlawful actions, Defendant has deprived Plaintiff of overtime wages, owed to her.

19. Defendant acted willfully in failing to pay overtime compensation to Plaintiff for hours worked over 40 in a workweek.  Defendant knew or should have known that Plaintiff was non-exempt and that she should have been paid overtime compensation for all hours worked over 40 in a workweek.

## COUNT I - FAIR LABOR STANDARDS ACT

20. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if alleged fully herein.

20. As set forth above, Defendant's failure to pay Plaintiff overtime compensation at a rate of one and one-half times her regular rate of pay owed to her during the three-year period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207.

21.     Defendant's failure to pay Plaintiff in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. An award of all damages for unpaid wages and compensation due to Plaintiff under the FLSA;

B. An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

C. A finding that Defendant's violations of the FLSA have been willful and that, therefore, the statute of limitations for the FLSA claim is three years;

D. Attorneys' fees and costs;

E. Pre- and post-interest; and

F. Any other relief to which Plaintiff may be entitled.

Dated: September 30, 2019                                    Respectfully submitted,

*/s/ Sergei Lemberg_____*
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com

*Attorney for Plaintiff*